## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Steven Towle,<br><br>       Plaintiff,<br><br>v.<br><br>TD Bank USA, N.A.<br>c/o Legal Department<br>Two Portland Square<br>P.O. Box 9540<br>Portland, ME 04112- 9540<br><br>       Defendants. | Case No.<br><br><br>**COMPLAINT**<br><br><br><br><br>**Jury Demand Requested** |

Now comes the Plaintiff, by and through his attorneys, and files this Complaint for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), found at 15 USC § 1681 *et seq.*, as amended, and various other laws of the State of Minnesota.

## PARTIES

1. Plaintiff is a resident of Minnesota.

2. Plaintiff is a "consumer" and a "person," as those terms are used in and defined by the FCRA in that Plaintiff is an individual. 15 U.S.C. § 1681a(b), (c).

3. Upon information and belief, Defendant TD Bank USA, N.A. is a corporation with its principal place of business in Maine.

4. Defendant is a "furnisher," as that term is used by the FCRA. *See, e.g.,* 15 U.S.C. § 1681i(a)(2) ("any person who provided any item of information").

## JURISDICTION AND VENUE

5. Jurisdiction is founded on 28 U.S.C. §1331, pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et al; and under the Doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a).

1

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this judicial district.

## RELEVANT FACTS

7. Prior to August 2021, Defendant began reporting, to at least one credit bureau, an account allegedly owed by Plaintiff regarding a Nordstrom credit card (the "Account").

8. Prior to August 2021, upon information and belief, Defendant charged off the account.

9. As a result of the Account being charged off, Plaintiff did not have any owe any money to Defendant.

10. Despite having charged the Account off, Defendant continued to report, to at least one credit bureau, that Plaintiff still owed Defendant an outstanding balance for the Account.

11. In or around August 2021, Plaintiff submitted a dispute to Experian regarding the Account being reported with a balance owed despite Defendant having charged off the account (the "Dispute").

12. Upon information and belief, upon receiving the Dispute, Experian sent an ACDV to Defendant to verify all the information and communicated the nature of the Dispute to Defendant.

13. Upon information and belief, Defendant failed to conduct a reasonable investigation of the Dispute, and did not consider any of the specific facts that were communicated.

14. Upon information and belief, Defendant failed to correct the information it provided to Experian.

15. In or around September 2021, Experian reported that Defendant had verified the balance, and that the information would remain on Plaintiff's credit report.

16. As a direct and proximate result of Defendant's actions, Plaintiff has been adversely affected in the pursuit of credit.

17. As a direct and proximate result of Defendant's actions, Plaintiff has been damaged.

18. As a direct and proximate result of Defendant's actions, Plaintiff suffered actual and compensable damages including, but not limited to, anxiety, duress, frustration, and lost peace of mind.

## COUNT I

### Violation of the Fair Credit Reporting Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein. Defendant TD Bank USA, N.A. violated 15 U.S.C. §1681s-2(b) by failing to conduct a reasonable investigation of the dispute.

## COUNT II

### Violation of the Fair Credit Reporting Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein. Defendant TD Bank USA, N.A. violated 15 U.S.C. §1681s-2(b) by failing to correct the inaccurate information it had furnished to a credit reporting agency.

## JURY DEMAND

21. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

22. Plaintiff prays for the following relief:

    a. Judgment against Defendant TD Bank USA, N.A. for actual, statutory, punitive damages, and costs and reasonable attorney fees for willful noncompliance pursuant to Fair Credit Reporting Act, 15 U.S.C. §1681n;

    b. Judgment against Defendant Transunion and Chase for negligence; and

    c. For such other legal and/or equitable relief as the Court deems appropriate.

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendants.

RESPECTFULLY SUBMITTED,

By:_____

Douglas F. Stiele
Bar Number 288354
Attorney for Plaintiff
Litigation Practice Group
6001 Egan Drive, STE 140
Savage, MN 55378
Telephone: (952) 270-0623
Email address: douglasstiele@lpglaw.com