UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

STEVEN TOWLE,                                         Case No. 22-CV-0624 (PJS/TNL)

                      Plaintiff,

v.                                                                    ORDER

TD BANK USA, N.A.,

                      Defendant.

---

Douglas Stiele & Richard J. Meier, THE LITIGATION PRACTICE GROUP, for plaintiff.

Brian Melendez, BARNES & THORNBURG LLP, for defendant.

This matter is before the Court on defendant TD Bank USA, N.A.'s ("TD Bank's") motion to dismiss plaintiff Steven Towle's amended complaint, which alleges that TD Bank violated the Fair Credit Reporting Act ("FCRA").

Towle filed his original complaint on March 9, 2022, alleging that TD Bank violated the FCRA by reporting "to at least one credit bureau" that Towle had an outstanding balance due on a "Nordstrom credit card,"[1] even though TD Bank had previously charged off the account.  ECF No. 1 ¶¶ 7–11.  According to Towle's original

---

[1]Towle's complaint does not explain the connection between Nordstrom and TD Bank, but based on the rest of Towle's allegations, the Court assumes that TD Bank owns the Nordstrom credit-card account.

complaint, TD Bank's reporting was inaccurate because "[a]s a result of the Account being charged off, Plaintiff did not have any owe any [sic] money to defendant." *Id.* ¶ 9.

Towle's claim was frivolous. The fact that a creditor "charges off" an account does not mean that the debtor is no longer legally obligated to pay the amount "charged off"; it simply means that the creditor does not expect the debtor to fulfill that legal obligation. *See Morris v. Experian Info. Sols., Inc.*, 478 F. Supp. 3d 765, 771 (D. Minn. 2020) ("A debt that is 'charged off' still exists, and nothing prevents the creditor from . . . taking steps to collect it."); *see also Belton v. GE Cap. Retail Bank (In re Belton)*, 961 F.3d 612, 614 (2d Cir. 2020) (noting that reporting a debt as "charged off" indicates that "the debt was severely delinquent but still outstanding"); *Martin v. Equifax Info. Servs., LLC*, No. 4:19-CV-3691, 2020 WL 1904496, at *1 (S.D. Tex. Apr. 17, 2020) (noting that the plaintiff still owed a debt that was reported as charged off and closed); *Foster v. Santander Consumer USA, Inc.*, No. 1:18-CV-4146-WMR-JFK, 2019 WL 3490463, at *1, *10 (N.D. Ga. May 29, 2019) (defendant argued, and plaintiff conceded, that plaintiff still owed a debt that was reported as charged off and closed), *report and recommendation adopted*, No. 1:18-CV-4146-JPB, 2019 WL 8277254 (N.D. Ga. Oct. 15, 2019).

After TD Bank moved to dismiss the original complaint and pointed this out, Towle filed an amended complaint on May 31, 2022. ECF No. 13. Once again, Towle alleged that TD Bank violated the FCRA because it "continued to report to at least one

credit bureau that the full balance of the Account was due and outstanding," even though TD Bank had allegedly charged off the account. *Id.* ¶¶ 13–14. This time, though, Towle added the allegation that TD Bank "made an insurance claim for the Account" and "claimed a corresponding deduction on its tax return for the Account as a bad debt expense." *Id.* ¶¶ 10–11. (It is not clear what basis Towle's attorney had for making these allegations. *See* Fed. R. Civ. P. 11(b)(3).) According to Towle, "[i]n the world of accounting, it is impossible to maintain a receivable for an amount owed and simultaneously claim an expense for the same amount." *Id.* ¶ 12.

Towle's new claim is hard to follow, but he seems to be arguing that if a creditor who is stuck with a bad debt either receives payment from an insurer or deducts the bad debt on its tax returns, the debtor is somehow absolved of his legal responsibility to pay the debt. That is obviously not true; the one has nothing to do with the other.

Not surprisingly, TD Bank moved to dismiss Towle's amended complaint. ECF No. 16. In his response to TD Bank's motion, Towle did nothing to defend the claims made in his amended complaint, but instead used his brief to raise a *third* claim against TD Bank:

> On June 9, 2020, . . . Plaintiff disputed Defendant's reporting of the account[,] including the alleged balance. Defendant, however, did not respond to the dispute. Then, on August 10, 2020, Plaintiff disputed the debt with both the credit bureaus; Defendant failed to respond to this dispute as well. . . .

> Despite disputing the accounts, Defendant failed to report that the account was being disputed or provide any response to such disputes. Instead, Defendant methodically and robotically, proceeded to mark the account as past due and then charged off—all the while, ignoring Plaintiff's dispute.

ECF No. 24 at 1–2 (footnotes omitted).

Nothing in Towle's amended (or, for that matter, original) complaint so much as hints at this theory of recovery. Nowhere in Towle's amended (or original) complaint does he even mention a June 2020 or August 2020 dispute, nor does his amended (or original) complaint allege that TD Bank violated the FCRA by failing to report his account as disputed.

Towle cannot keep throwing new theories up against the wall in the hope that one will stick. This case is before the Court on TD Bank's motion to dismiss Towle's amended complaint. The amended complaint clearly does not state a viable claim, and Towle has done nothing to defend the claims actually pleaded in the amended complaint. Moreover, because Towle has not filed or sought to file a motion to amend his complaint a second time, this Court "is not obliged to invite a motion for leave to amend." *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 742 (8th Cir. 2014); *see also Al-Saadoon v. Barr*, 973 F.3d 794, 804 (8th Cir. 2020) (dismissing claim that was raised for first time in response to defendant's motion to dismiss), *cert. denied sub nom. Al-Saadoon v. Garland*, 141 S. Ct. 2703 (2021); *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992,

995 (8th Cir. 1989) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984))).  The Court will therefore dismiss Towle's amended complaint with prejudice.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motion to dismiss [ECF No. 16] is GRANTED and plaintiff's amended complaint [ECF No. 13] is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 17, 2022                    s/Patrick J. Schiltz
                                          Patrick J. Schiltz, Chief Judge
                                          United States District Court