UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STEVEN TOWLE,  Case No. 22-CV-0624 (PJS/TNL)

      Plaintiff,

v.  ORDER

TD BANK USA, N.A.,

      Defendant.

    Douglas Stiele & Richard J. Meier, THE LITIGATION PRACTICE GROUP, for plaintiff.

    Brian Melendez, BARNES & THORNBURG LLP, for defendant.

    Plaintiff Steven Towle filed this action against defendant TD Bank USA, N.A. ("TD Bank"), alleging that TD Bank had violated the Fair Credit Reporting Act ("FCRA") by reporting inaccurate information about one of his accounts to a credit-reporting agency.  ECF No. 1.  TD Bank moved to dismiss, and Towle responded by filing an amended complaint.  ECF No. 13.  TD Bank then moved to dismiss the amended complaint, and Towle responded by filing a brief that did not attempt to defend the amended complaint but instead attempted to raise a new claims.  The Court granted TD Bank's motion and dismissed the action with prejudice.  ECF No. 33.  TD Bank now moves for an award of attorney's fees.  ECF No. 35.

TD Bank seeks to recover its fees from both Towle and his attorneys, Douglas Stiele and Richard Meier, pursuant to the fee-shifting provisions of the FCRA, 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b), and pursuant to 28 U.S.C. § 1927.  For the reasons that follow, the Court orders Stiele and Meier (but not Towle) to pay part of the fees incurred by TD Bank in defending this action.

## I.  FEES UNDER THE FCRA

TD Bank initially seeks to recover its fees from Towle and his attorneys under the FCRA.  Sections 1681n(c) and 1681o(b) of the FCRA each provide that a prevailing party in a lawsuit arising under either of those provisions may recover attorney's fees if the court finds "that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment."

There is a dearth of appellate case law interpreting the FCRA's fee-shifting provisions, but several district courts have analyzed their scope.  These courts have "construed the term 'bad faith' . . . to require 'either that the party subjectively acted knowing that he had no viable claim—or that he filed an action or paper that was frivolous, unreasonable, or without foundation.'"  *Robinson v. Best Serv. Co., Inc.*, No. 5:16-CV-03346-EJD, 2017 WL 1354766, at *1 (N.D. Cal. Apr. 13, 2017) (cleaned up) (quoting *Ryan v. Trans Union Corp.*, No. 99 C 216, 2001 WL 185182, at *5 (N.D. Ill Feb. 26, 2001)); *see also Scroggin v. Credit Bureau of Jonesboro, Inc.*, 973 F. Supp. 2d 961, 967–68

(E.D. Ark. 2013) (defining "bad faith" in attorney-fee context as "dishonesty of belief or purpose" and "harassment" as "words, conduct, or action . . . that, being directed at a specific person, annoys, alarms, or causes substantial emotional distress in that person and serves no legitimate purpose" (cleaned up)), *aff'd*, 576 F. App'x 632 (8th Cir. 2014). Courts have also held that §§ 1681n(c) and 1681o(b) authorize an award of attorney's fees only against a *party* and not against the party's counsel. *See, e.g., Thacker v. GPS Insight, LLC*, No. CV18-0063-PHX-DGC, 2019 WL 3816720, at *10 (D. Ariz. Aug. 14, 2019); *Robinson*, 2017 WL 1354766, at *2; *Levine v. JPMorgan Chase & Co.*, 46 F. Supp. 3d 883, 885 (E.D. Wis. 2014), *vacated on other grounds sub nom. Levine v. JP Morgan Chase Bank NA*, No. 13-C-498, 2014 WL 8734863 (E.D. Wis. Dec. 19, 2014); *Smith v. HM Wallace, Inc.*, No. 08-22372-CIV-GOL, 2009 WL 3179539, at *2 (S.D. Fla. Oct. 1, 2009).

As the party moving for an award of attorney's fees, TD Bank has the burden "to demonstrate that they are warranted." *DeBusk v. Wachovia Bank*, No. CV 06-0324 PHXNVW, 2006 WL 3735963, at *4 (D. Ariz. Nov. 17, 2006), *aff'd sub nom. DeBusk v. Wachovia Bank NA*, 291 F. App'x 55 (9th Cir. 2008). TD Bank argues that it is entitled to its attorney's fees under the FCRA because Towle's original complaint, amended complaint, and brief filed in opposition to TD Bank's motion to dismiss the amended complaint all asserted "frivolous claims and arguments, for which there was no

good-faith basis" and therefore, "[a]ll three [papers] were filed in bad faith." Def. Memo. [ECF No. 37] at 9.

Although the Court agrees (for reasons explained below) that Towle's claims were frivolous, TD Bank has not provided any evidence—other than pointing to the papers themselves—that *Towle himself* acted in bad faith (or even knew what his attorneys were doing). *See Thacker*, WL 3816720, at *10; *cf. Scroggin*, 973 F. Supp. 2d at 977 (concluding plaintiff had filed action in bad faith and with purpose to harass where he had made numerous posts and emails describing his intent to "set up" the defendant, to turn the litigation into a "circus" and to continue the litigation for his entertainment, and where he had made sexist and offensive comments to defendant's counsel). Indeed, TD Bank admits as much. *See* Def. Memo. at 11 ("TD knows that it is Mr. Towle's attorneys, and not Mr. Towle himself, pushing the frivolous claims and arguments that propelled this litigation."). Therefore, the Court will not hold Towle liable for TD Bank's attorney's fees under the FCRA.

In addition, as noted above, courts have also held that the FCRA does not authorize a fee award against the losing party's *attorneys*. Thus, the Court cannot hold Stiele and Meier liable for TD Bank's attorney's fees under the FCRA.

II.  EXCESSIVE COSTS AND FEES UNDER 28 U.S.C. § 1927

TD Bank also seeks an award of attorney's fees against Stiele and Meier (but not against Towle personally) under 28 U.S.C. § 1927.  Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Courts are afforded "substantial discretion" in determining whether to award fees under § 1927.  *Tenkku v. Normandy Bank*, 348 F.3d 737, 744 (8th Cir. 2003).  Nevertheless, sanctions should be approached with caution.  *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999).  The standard "is whether the attorney's conduct 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'"  *Perkins v. Spivey*, 911 F.2d 22, 36 (8th Cir. 1990) (quoting *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (en banc)); *see also Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986) ("[W]hen an attorney knows or reasonably should know that a claim pursued is frivolous . . . a trial court does not err by assessing fees attributable to such actions against the attorney [pursuant to § 1927].").

TD Bank argues that it is entitled to an award of attorney's fees under § 1927 because Stiele and Meier repeatedly pushed "frivolous claims and arguments" to "propel[] this litigation" forward.  Def. Memo. at 11.  The Court agrees.

*Original Complaint.* Towle filed his original complaint on March 9, 2022, alleging that TD Bank violated the FCRA by reporting "to at least one credit bureau" that Towle had an outstanding balance due on a "Nordstrom credit card," even though TD Bank (presumably the owner of that Nordstrom debt) had previously charged off the account. Compl. ¶¶ 7–11 [ECF No. 1]. According to Towle's original complaint, TD Bank's reporting was inaccurate because "[a]s a result of the Account being charged off, Plaintiff did not have any owe any [sic] money to Defendant." *Id.* ¶ 9.

Towle's claim was frivolous. The fact that a creditor "charges off" an account does not mean that the debtor is no longer legally obligated to pay the amount "charged off"; it simply means that the creditor does not expect the debtor to fulfill that legal obligation. *See Morris v. Experian Info. Sols., Inc.*, 478 F. Supp. 3d 765, 771 (D. Minn. 2020) ("A debt that is 'charged off' still exists, and nothing prevents the creditor from . . . taking steps to collect it."); *see also Belton v. GE Cap. Retail Bank (In re Belton)*, 961 F.3d 612, 614 (2d Cir. 2020) (noting that reporting a debt as "charged off" indicates that "the debt was severely delinquent but still outstanding"); *Martin v. Equifax Info. Servs., LLC*, No. 4:19-CV-3691, 2020 WL 1904496, at *1 (S.D. Tex. Apr. 17, 2020) (noting that the plaintiff still owed a debt that was reported as charged off and closed); *Foster v. Santander Consumer USA, Inc.*, No. 1:18-CV-4146-WMR-JFK, 2019 WL 3490463, *10 (N.D. Ga. May 29, 2019) (defendant argued, and plaintiff conceded, that plaintiff still

-6-

owed a debt that was reported as charged off and closed), *report and recommendation adopted*, No. 1:18-CV-4146-JPB, 2019 WL 8277254 (N.D. Ga. Oct. 15, 2019).

TD Bank moved to dismiss the original complaint and pointed this out. At that point, Stiele and Meier should have recognized that they did not have a viable claim and walked away. Instead, they filed an amended complaint.

*Amended Complaint.* Towle filed the amended complaint on May 31, 2022. ECF No. 13. Once again, Towle alleged that TD Bank violated the FCRA because it "continued to report to at least one credit bureau that the full balance of the Account was due and outstanding," even though TD Bank had allegedly charged off the account. *Id.* ¶¶ 13–14. This time, however, Towle added the allegation that TD Bank "made an insurance claim for the Account" and "claimed a corresponding deduction on its tax return for the Account as a bad debt expense." *Id.* ¶¶ 10–11.[1] According to Towle, "[i]n the world of accounting, it is impossible to maintain a receivable for an amount owed and simultaneously claim an expense for the same amount." *Id.* ¶ 12.

Towle's new claim was hard to follow, but he seemed to be arguing that if a creditor who is stuck with a bad debt either receives payment from an insurer or deducts the bad debt on its tax returns, the debtor is somehow absolved of his legal

---

[1]The Court has no idea how Stiele and Meier would know whether TD Bank "made an insurance claim" related to the Towle account or how they would know what deductions TD Bank "claimed . . . on its tax return." It appears that Stiele and Meier may have violated Fed. R. Civ. P. 11(b)(3) in making these assertions.

responsibility to pay the debt.  That is obviously not true; the one has nothing to do with the other.  In short, the amended complaint was as frivolous as the original complaint.

*Opposition to Motion to Dismiss.*  TD Bank moved to dismiss Towle's amended complaint.  ECF No. 16.  In his response to TD Bank's motion, Towle did nothing to defend the claims that he actually made in his amended complaint.  Instead, Towle used his brief to raise a new claim against TD Bank:

> On June 9, 2020, . . . Plaintiff disputed Defendant's reporting of the account[,] including the alleged balance.  Defendant, however, did not respond to the dispute.  Then, on August 10, 2020, Plaintiff disputed the debt with both the credit bureaus; Defendant failed to respond to this dispute as well. . . .
>
> Despite disputing the accounts, Defendant failed to report that the account was being disputed or provide any response to such disputes.  Instead, Defendant methodically and robotically, proceeded to mark the account as past due and then charged off—all the while, ignoring Plaintiff's dispute.

ECF No. 24 at 1–2 (footnotes omitted).

Nothing in Towle's amended (or original) complaint so much as hinted at this theory of recovery.  Nowhere in Towle's amended (or original) complaint did he even *mention* a June 2020 or August 2020 dispute, nor did his amended (or original) complaint allege that TD Bank violated the FCRA by failing to report his account as disputed.

As the Court explained in its order granting TD Bank's motion to dismiss, Towle did "nothing to defend the claims actually pleaded in the amended complaint" but instead just kept "throwing new theories up against the wall in the hope that one [would] stick." ECF No. 33 at 4. The Court therefore dismissed Towle's amended complaint with prejudice.

The conduct of Stiele and Meier in filing the original complaint was bad, but their conduct in filing the amended complaint was worse. After forcing TD Bank to incur the expense of explaining why their absurd theory was absurd, Stiele and Meier doubled down on that theory in their amended complaint. And then, after forcing TD Bank to incur the expense of moving to dismiss the amended complaint, Stiele and Meier did not even bother to defend the claims that they had made in that complaint.

In their opposition to TD Bank's motion for fees, Stiele and Meier insist that TD Bank "misinterpreted Plaintiff's claims as alleging that liability for the underlying debt was waived once Defendant reported the account as 'charged-off.'" Pl. Memo. [ECF No. 41] at 1. But that is *exactly* what Towle claimed. The original complaint alleged that "[a]s a result of the Account being charged off, Plaintiff did not have any owe any [sic] money to Defendant. Despite having charged the Account off, Defendant continued to report . . . that Plaintiff still owed Defendant an outstanding balance." Compl. ¶¶ 9–10. Similarly, the amended complaint alleged that "[d]espite designating the account as

charged off, Defendant continued to report to at least one credit bureau that the full balance of the Account was due and outstanding. By continuing to report a balance as due and outstanding, Defendant demonstrated that the account had not been charged off." Am. Compl. ¶¶ 13–14.

What was *not* included in either the original complaint or the amended complaint was the claim that Stiele and Meier raised for the first time in their brief opposing TD Bank's motion to dismiss the amended complaint—the claim that Towle had disputed TD Bank's reporting of the account with TD Bank on June 9, 2020, and with the credit bureaus on August 10, 2020, and yet TD Bank "failed to report that the account was being disputed or provide any response to such disputes." ECF No. 24 at 2. As noted, neither Towle's original complaint nor his amended complaint mentioned a June 2020 or August 2020 dispute, and nothing in either complaint even hinted at this theory of recovery. Despite Stiele and Meier's assertions to the contrary, Towle's response to TD Bank's motion to dismiss did not merely "supplement and explain the theory of liability pled in the Amended Complaint." Pl. Memo. at 4.

The Court recognizes that an attorney "cannot be sanctioned under § 1927 simply for *filing* a frivolous complaint." *Welk v. GMAC Mortg., LLC*, 850 F. Supp. 2d 976, 1005 (D. Minn. 2012). And thus, the Court will not sanction Stiele and Meier for filing the original complaint, even though that complaint was frivolous. But the Court will

-10-

sanction Stiele and Meier for continuing to pursue their claim—indeed, for embellishing it with additional frivolous allegations—by filing the amended complaint after TD Bank had clearly explained in its motion to dismiss the original complaint why the claim was frivolous.  The conduct of Stiele and Meier in filing the amended complaint and then refusing to dismiss it after TD Bank filed its second motion to dismiss amounts to a "reckless disregard of the attorney's duties to the court."  *Perkins*, 911 F.2d at 36; *see also In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985) ("If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious."); *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 227 (7th Cir. 1984) ("a court may assess fees under section 1927" where an attorney "prosecute[s] a claim that lacks a plausible legal or factual basis").

For these reasons, the Court will order Stiele and Meier to pay a portion of the attorney's fees that TD Bank has incurred in this action.  TD Bank seeks *all* of its fees—a total of $25,848.50—but TD Bank is not entitled to recover all of its fees.  As noted, Stiele and Meier cannot be sanctioned under § 1927 for filing the original complaint, and thus the fees incurred by TD Bank to defend against that complaint are not recoverable.  Moreover, the amount of an award under § 1927 is limited to the amount of "the excess

costs, expenses, and attorneys' fees *reasonably incurred because of* " the attorney's sanctionable conduct (emphasis added).

Exercising its broad discretion under § 1927, the Court orders Stiele and Meier to pay $4,950.40 to compensate TD Bank for the attorney's fees that it incurred in moving to dismiss Towle's amended complaint. The Court calculated this award by isolating those time entries in the Billed Timecard Detail, ECF No. 38-2, submitted by TD Bank's counsel that, in the Court's opinion, were most reasonably related to responding to Towle's amended complaint. *See Tenkku*, 348 F.3d at 744 ("In isolating the costs and fees a party has incurred because of conduct that violated § 1927, precision is not required." (quotation omitted)). The Court finds that this award serves the purpose of mitigating "the unnecessary burdens . . . that result[ed] from [Stiele and Meier's] unreasonable, irresponsible and vexatious conduct" in this matter. *Braley*, 832 F.2d at 1512.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Defendant's motion for attorney's fees [ECF No. 35] is GRANTED to the extent set forth in this order.

2. Pursuant to 28 U.S.C. § 1927, defendant TD Bank is awarded $4,950.40 against attorneys Douglas Stiele and Richard J Meier, who are jointly and severally liable for the award.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 20, 2023             s/Patrick J. Schiltz
                                  Patrick J. Schiltz, Chief Judge
                                  United States District Court